Shawn G. Hansen (SBN 197033)
shansen@nixonpeabody.com
NIXON PEABODY LLP
300 South Grand Avenue, Suite 4100
Los Angeles, CA 90071-3151
Telephone: (213) 629-6000
Facsimile: (855) 780-9262

*Attorneys for Plaintiff*
AKESO HEALTH SCIENCES, LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| **AKESO HEALTH SCIENCES, LLC**, <br><br> Plaintiff, <br><br> vs. <br><br> **DESIGNS FOR HEALTH, INC.**, <br><br> Defendant. | Case No. _____ <br><br> **COMPLAINT FOR PATENT INFRINGEMENT** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Akeso Health Sciences, LLC alleges as follows for its Complaint for Patent Infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*, against Defendant Designs for Health:

## THE PARTIES

1. Plaintiff Akeso Health Sciences, LLC ("Akeso") is a limited liability company organized and existing under the laws of the State of California, with a principal place of business located at 4607 Lakeview Canyon #561, Westlake Village, California.

2. Defendant Designs for Health, Inc. ("DFH") is a corporation organized and existing under the laws of the State of Florida with a principal place of business located at 6 Commerce Blvd. Palm Coast, FL 32164.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. Upon information and belief, this Court has specific personal jurisdiction over DFH because DFH has placed infringing goods into the stream of commerce with the expectation that they would be purchased in the Central District of California and/or otherwise has purposefully directed activities toward the Central District of California related to the sale of infringing goods.

5. Venue for this action is proper in the Central District of California pursuant to 28 U.S.C. §§ 1391(c) and 1400(b).

## '450 PATENT

6. United States Patent Number 6,500,450 (" '450 patent") is titled "Composition for Treating Migraine Headaches" and was duly and validly issued by the United States Patent and Trademark Office on December 31, 2002. A true and correct copy of the '450 patent is attached and incorporated herein as Exhibit A.

7. The '450 patent names Akeso's founder, Curt Hendrix, as the sole inventor.

8. Akeso is the owner by assignment of all right, title, and interest in the '450 patent, including all rights to sue and collect for past damages.

## AKESO'S PATENTED INVENTIONS

9. The '450 patent relates to Mr. Hendrix's pioneering inventions for improving cerebrovascular tone and reducing the occurrence and severity of migraine headaches. While many compounds have been tried as remedies for migraine headaches, a major challenge in formulating an effective treatment for migraine headaches is combining the correct compounds at therapeutically effective dosages. The inventions claimed in Akeso's '450 patent overcame this challenge through novel and non-obvious proprietary combinations of feverfew plant extract

1  (parthenolide), magnesium, and riboflavin.

2  10. Before the inventions of the '450 patent, no known dietary supplement provided in a single treatment the wide range of therapeutic benefits that are provided by Akeso's patented inventions. In addition to improved cerebrovascular tone, patients receiving the preferred embodiment experienced significantly reduced occurrence of migraine headaches, decreased sensitivity to light and sound, reduced nausea, and increased mobility.

3  11. Akeso's MigreLief® products sold under the '450 patent succeeded in providing natural, drug-free relief for migraine headaches where others failed, meeting a long-felt but unresolved need. They have enjoyed great commercial success. And they have been widely copied in a variety of infringing products, including DFH's Migranol product and many others.

4  12. Akeso makes and sells its patented MigreLief® products under the '450 patent. In accordance with 35 U.S.C. § 287(a), Akeso marks its MigreLief® products with the number of the '450 patent.

## DFH'S INFRINGEMENT

13. DFH has infringed the '450 patent in connection with its product Migranol.

14. DFH's conduct in connection with making, using, selling, offering to sell and/or importing Migranol directly infringes at least claim 16 of the '450 patent pursuant to 35 U.S.C. § 271(a). Infringement of this representative claim is alleged solely for illustrative pleading purposes, and no representation is made or implied that DFH's conduct relative to Migranol does not infringe additional claims of the '450 patent. Akeso reserves the right to assert infringement of additional claims of the '450 patent as this action proceeds.

15. In addition to direct infringement, DFH is liable for inducement of infringement under 35 U.S.C. § 271(b).

16. Use of Migranol as directed on the product label constitutes direct

infringement of at least claim 16 of the '450 patent. DFH affirmatively directs users to directly infringe by administering the recommended daily dosage of a therapeutically effective amount of parthenolide, a magnesium salt and riboflavin, the magnesium salt being provided as a salt of an organic acid.

17. Akeso and its MigreLief® product are well known in the dietary supplement industry. Akeso's web site and every bottle of MigreLief® are marked with the numbers of the '450 patent. Upon information and belief, DFH has actual and/or constructive knowledge of Akeso's MigreLief® product and of the '450 patent.

18. Upon information and belief, DFH knowingly induces infringement of the '450 patent and possesses specific intent to encourage direct infringement by users of Migranol. Accordingly, DFH is liable for inducing infringement of the '450 patent pursuant to 35 U.S.C. §271(b).

19. DFH further is liable for contributory infringement pursuant to 35 U.S.C. § 271(c).

20. Migranol is material to practicing the inventions of the '450 patent.

21. Administration of Migranol as directed on the label constitutes direct infringement of the '450 patent.

22. There are no substantial non-infringing uses of Migranol. On the contrary, the only known use, and the specific use directed on the product label, is to be administered for the purpose of reducing the symptoms of migraine headache in a directly infringing manner.

23. Upon information and belief, DFH has knowledge of the '450 patent and of the fact that Migranol is especially made or adapted for use in infringement of the '450 patent.

24. Accordingly, DFH is liable for contributory infringement of the '450 patent pursuant to 35 U.S.C. § 271(c).

25. Upon information and belief, DFH has knowledge of the '450 patent

and knows or should know that its conduct in relation to Migranol infringes the '450 patent. Accordingly, DFH's infringement is and has been willful.

## CLAIM FOR RELIEF

### (Infringement of U.S. Patent No. 6,500,450)

26. Akeso repeats and realleges the allegations of the foregoing Paragraphs 1 through 25 as if fully set forth herein.

27. DFH has directly infringed at least claim 16 of the '450 patent under 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, by using Migranol.

28. DFH has indirectly infringed at least claim 16 of the '450 patent by inducement under 35 U.S.C. § 271(b) by instructing and encouraging end users and/or health care practitioners to directly infringe the '450 patent, literally and/or under the doctrine of equivalents. DFH does so with knowledge of the '450 patent and specific intent to encourage end users and/or health care practitioners to directly infringe, literally and/or under the doctrine of equivalents. End users and health care practitioners directly infringe the '450 patent, literally and/or under the doctrine of equivalents, in connection with using Migranol.

29. DFH has indirectly infringed at least claim 16 of the '450 patent contributorily under 35 U.S.C. § 271(c) by offering to sell and selling Migranol, knowing the same to be especially made or especially adapted for use in an infringement of the '450 patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

30. DFH's infringement is and has been willful.

31. Akeso has been damaged, in an amount to be determined, as a direct and proximate result of DFH's infringement of the '450 patent.

## PRAYER FOR RELIEF

WHEREFORE, Akeso respectfully requests the Court to enter judgment in favor of Akeso and against DFH as to all claims asserted herein as follows:

    A.    Granting a judgment that DFH has directly infringed the '450 patent in violation of 35 U.S.C. § 271(a);

    B.    Granting a judgment that DFH has indirectly infringed the '450 patent in violation of 35 U.S.C. §§ 271(b) and 271(c);

    C.    Ordering DFH to pay to Akeso actual damages in the form of lost profits or, in the alternative, other damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the patented inventions by DFH, together with pre-judgment and post-judgment interest and costs as fixed by the Court, in accordance with 35 U.S.C. § 284;

    D.    Granting a judgment that DFH's infringement was willful and ordering DFH to pay to Akeso increased damages of three times the compensatory damages, in accordance with 35 U.S.C. § 284;

    E.    Granting a judgment that this case is exceptional under 35 U.S.C. §285 and ordering DFH to pay to Akeso its reasonable attorney fees incurred in this action; and

    F.    Granting Akeso such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38 and Central District of California L.R. 38-1, Akeso demands a trial by jury on all issues so triable.

Dated: October 18, 2016

NIXON PEABODY LLP

By: /s/ Shawn G. Hansen

*Attorneys for Plaintiff*
AKESO HEALTH SCIENCES, LLC